**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DONNELL BOYD                                             CIVIL ACTION

VERSUS                                                          14-469

TRINITY INDUSTRIES, INC.

<u>**RULING**</u>

Before the Court is Defendant, Trinity Marine Products, Inc.'s ("Trinity"), *Motion to Strike*[1] the *Affidavit*[2] of Plaintiff, Donnell Boyd, and Exhibits 4, 10 and 19,[3] offered by Boyd in opposition to Trinity's *Motion for Summary Judgment*.[4]

**I.      PROCEDURAL POSTURE AND FACTUAL BACKGROUND**

This is an employment discrimination case. The Plaintiff, Donnell Boyd, an African American, worked for Trinity as a welder and a crane operator for approximately seven years. On January 7, 2013, Boyd was terminated. Trinity contends he was terminated due to a safety violation. Boyd filed suit alleging racial discrimination and retaliation.[5]

Trinity has filed a *Motion for Summary Judgment*[6] which is pending before the Court. In opposition to Trinity's *Motion*, Plaintiff submitted an affidavit and exhibits which are the subject of the instant *Motion to Strike*.

---

[1] Rec. Doc. 41.
[2] Rec. Doc. 40-3.
[3] Rec. Docs. 40-6 and 40-8.
[4] Rec. Doc. 36.
[5] Plaintiff's retaliation claim was previously dismissed by the Court. Rec. Doc. 33.
[6] Rec. Doc. 36.

## II.    MOTION TO STRIKE

### A.  Plaintiff's Affidavit

Trinity moves to strike certain attestations in the Plaintiff's affidavit[7] on the grounds that the attestations are conclusory, not founded upon personal knowledge, are inadmissible hearsay, or are irrelevant.

Rule 56(c)(4) of the Federal Rules of Civil Procedure requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

"While a declaration need not specifically state that it is based on personal knowledge, it must include enough factual support for a court to determine that its averments were based upon the personal knowledge of the declarant."[8]  Moving to strike, Trinity contends that the Plaintiff's attestation that "virtually all of the management employees were white"[9] "is conclusory and Plaintiff provides no factual support for it."[10] Trinity draws too sharp a point on Rule 56(c)(4). The rule does not require that the fact be indisputable or based solely upon empirical or analytically verifiable data. It is undisputed that Plaintiff was employed by Trinity in Port Allen as a welder and crane operator from December of 2006 to January of 2013.[11] His attestation that "when he worked" at Trinity "virtually all of the management employees were white" can be fairly construed to be based upon his observation. Observation by someone in a position to

---

[7] Rec. Doc. 40-3, ¶'s 2, 8, 9 - 10, 12, 14, 16 - 19, 23 - 29, 31.
[8] *Gahagan v. United States Citizenship and Immigration Services*, No. 15-2540, 2015 WL 7777982, at *2 (E.D.La., Dec. 2, 2015).
[9] Rec. Doc. 40-3, ¶ 2.
[10] Rec. Doc. 40-1, p.2.
[11] Rec. Doc. 36-1 Trinity's Statement of Undisputed Facts offered in support of summary judgment.

make the observation is personal knowledge. Trinity's *Motion to Strike* paragraph 2 of the Plaintiff's affidavit is DENIED.

In his affidavit the Plaintiff disputes the safety incident that Trinity says was the basis of its termination of the Plaintiff. The Plaintiff attests that "I did not, at any time, hit Washington in the head or anywhere else, with a suspended wall or anything else, while I was operating the crane or any other equipment."[12] Citing to the Plaintiff's deposition, Trinity argues that this attestation is not based upon personal knowledge because the Plaintiff testified in his deposition that, at the time of the alleged incident, he could not see Washington because Washington was in his blind spot. Trinity further argues that Plaintiff's affidavit attestation that he did not hit Washington should be stricken on the grounds that it is inconsistent with his deposition testimony.[13] The fact that the Plaintiff was unable to see Washington when he was operating the crane is not a contradiction of Plaintiff's denial that he struck Washington while moving a wall with a crane. Furthermore, the simple fact that Washington was in the Plaintiff's blind spot does not *ipso facto* support the conclusion that the Plaintiff lacked personal knowledge of the subject events. By way of analogy, just because a driver is unable to view and observe a motorist in the driver's blind spot does not mandate the conclusion that the driver lacks personal knowledge to deny that his vehicle collided with the vehicle in the driver's blind spot. Trinity's *Motion to Strike* Plaintiff's attestations which deny Trinity's version of the alleged safety violation is DENIED.

---

[12] *Id.* at ¶ 9.
[13] Rec. Doc. 36-3, Boyd deposition at pp. 185 -187.

Plaintiff attests that he "wrote letters to [Trinity's] main office to complain about the conditions. . .."[14] Trinity moves to strike on the grounds that the statement is conclusory and unsupported by documentary evidence of letters. While complaint letters would be the best evidence of same, Plaintiff may, nonetheless, attest to actions he alleges to have taken. The content of said letters is hearsay, if offered for the truth of the matter.  However, the Court will consider the Plaintiff's attestation that he sent letters.  Trinity's *Motion to Strike* paragraph 16 of the Plaintiff's affidavit is DENIED.

Trinity moves to strike as conclusory and unsubstantiated the Plaintiff's attestation that discipline was meted out more harshly upon black employees as compared to white employees.[15]   Plaintiff provides dates upon which he contends he was "inappropriately" disciplined and the first names of white employees who were allegedly not disciplined for "improper conduct". While the allegation of disparate disciplinary treatment may certainly be disputed, Plaintiff's attestation based upon his work place experiences and observations is permissible. Trinity's *Motion to Strike* paragraph 25 of the Plaintiff's affidavit is DENIED.

Trinity moves to strike attestations by the Plaintiff which draw upon or reference hearsay statements by third parties or co-employees. A party may not rely on inadmissible hearsay in opposing a motion for summary judgment.[16] However, statements made by a party opponent are not hearsay. If "[t]he statement is offered against an opposing party and ... was made by the party's agent or employee on a matter within the scope of that relationship..." it is admissible as a party admission. Federal Rule of Evidence 801(d)(2).

---

[14] Rec. Doc. 40-3, ¶ 16.
[15] *Id.* at ¶ 25.
[16] *Warfield v. Byron,* 436 F.3d 551, 559 (5th Cir. 2006).

4

Trinity contends that the out of court statements referenced in the Plaintiff's affidavit are not admissible under Rule 801(d)(2)(D), because the Plaintiff failed to show, through evidence independent of the proffered statement, that "(1) Trinity authorized the employee to make a statement concerning the subject, and (2) this subject was a matter within the scope of the employee's employment."[17] While true that foundational underpinnings are necessary for a statement to be deemed a party admission and therefore not hearsay, the Court finds Trinity's attempts to disavow statements allegedly made by Jerry Matchett, Cary Fowler, and Marty (sic) Mills disingenuous at best. According to Declarations filed by Trinity in support of its motion for summary judgment, Matchett[18] was the Plant Manager at the Trinity's Port Allen facility where the Plaintiff worked, Fowler was "both a Plant Manager and an Operations Manager at Trinity,"[19] and Mardy Mills was the Superintendent.[20]

---

[17] Rec. Doc. 41-1, citing, *Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 374 (5th Cir. 2007).

[18] Rec. Doc. 36-3, p. 103. Declaration of Jerry Matchett, offered by Trinity in support of Motion for Summary Judgment. "I have been employed by Trinity Marine Products, Inc. ("Trinity") since April 2011. I was the Plant Manager at the Port Allen facility in Port Allen, Louisiana for part of the time Donnell Boyd ("Boyd") was employed there. My general job responsibility was to oversee production at the Port Allen facility and that included making certain employment decisions up to and including termination. I remain a current employee with Trinity Marine Products, Inc."

[19] Rec. Doc. 36-3, p. 113. Declaration of Cary Fowler, offered by Trinity in support of Motion for Summary Judgment. "I served as both a Plant Manager and an Operations Manager at Trinity Marine Products, Inc. ("Trinity") during part of the time Boyd was employed at the Port Allen facility. Specifically, I was the Plant Manager from 2007 to 2010. I left the Port Allen facility and worked at a different plant but returned to Port Allen as the Operations Manager from 2011 to 2015. When I was the Plant Manager my responsibilities were to oversee the entire plant. When I was Operations Manager, my job duties included managing just the operations of the Port Allen facility, and I reported to the Plant Manager directly. I remain a current employee for Trinity."

[20] Rec. Doc. 36-3, p. 122. Declaration of Mardy Mills, offered by Trinity in support of Motion for Summary Judgment. "I am a Superintendent at Trinity Marine Products, Inc. ("Trinity"). I have worked for Trinity since 1990. My job duties in that role include planning the day-to-day operations in the shop, which includes attending various meetings throughout the day and giving the supervisors instructions for completing daily tasks."

5

Trinity's *Motion to Strike* Plaintiff's attestations of statements allegedly made by undisputed Trinity management employees, Jerry Matchett, Cary Fowler, and Marty (sic) Mills is DENIED.

The remainder of Trinity's objections as to the evidentiary competence of the Plaintiff's attestations are well founded and the Court will disregard those attestations.

### B.  Exhibits 4, 10 and 19

Arguing that "a party cannot rely on unauthenticated documents to avoid summary Judgment,"[21] Defendant moves to strike exhibits 4, 10 and 19[22], offered by Plaintiff in opposition to summary judgment. The exhibits are unauthenticated records regarding unemployment compensation from the Louisiana Workforce Commission. The Court GRANTS Defendant's *Motion to Strike* exhibits 4, 10 and 19 as unauthenticated and irrelevant to the matters in issue.

---

[21] Rec. Doc. 41-1, citing, *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994).
[22] Rec. Docs. 40-6 and 40-8.

6

**III.    CONCLUSION**

For the foregoing reasons, Trinity's *Motion to Strike* Plaintiff's attestations which deny Trinity's version of the alleged safety violation is DENIED. Trinity's *Motion to Strike* paragraph 16 of the Plaintiff's affidavit is DENIED. Trinity's *Motion to Strike* paragraph 25 of the Plaintiff's affidavit is DENIED. Trinity's *Motion to Strike* Plaintiff's attestations of statements allegedly made by undisputed Trinity management employees, Jerry Matchett, Cary Fowler, and Marty (sic) Mills is DENIED. The remainder of Trinity's objections as to the evidentiary competence of the Plaintiff's attestations are well founded and the Court will disregard those attestations.  Trinity's *Motion to Strike*[23] Exhibits 4, 10 and 19 is GRANTED.

Signed in Baton Rouge, Louisiana on <u>April 4, 2016</u>.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[23] Rec. Doc. 41.